IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JOHN J. COLEMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 1-21-cv-00656-CMH-MSN |
| v. | ) |
| | ) |
| U.S. DEPARTMENT OF HEALTH AND | ) |
| HUMAN SERVICES, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION FOR RECONSIDERATION**

Pursuant to Local Rule 7(F)(1), Defendant U.S. Department of Health and Human Services ("HHS"), through undersigned counsel, hereby respectfully submits the instant memorandum of law in opposition to Plaintiff John J. Coleman's Motion for Reconsideration. *See* ECF No. 31 (hereinafter "Mot.").

**INTRODUCTION**

Plaintiff John J. Coleman filed the instant suit under the Freedom of Information Act ("FOIA") against HHS on May 28, 2021, asserting that the Centers for Disease Control ("CDC") had not properly produced materials in response to a FOIA request he filed with CDC in November 2020. At summary judgment and in other briefing, Plaintiff subsequently challenged the adequacy of the search and withholdings in Defendant's second production while leveling unsupported accusations of fraud at Defendant and Defendant's counsel and seeking to vitiate the presumption of good faith that otherwise attached to the CDC's affidavits and materials in this FOIA case. *See* ECF Nos. 19-20, 23

1

This Court squarely rejected Plaintiff's arguments. First, on December 17, 2021, the Court denied Plaintiff's "Motion to Compel," and rejected Plaintiff's effort "to invalidate the presumption of good faith given to HHS's materials." ECF No. 26 at 2. Then, on January 20, 2022, the Court granted Defendant's motion for summary judgment. *See* ECF No. 27.

Plaintiff now seeks to relitigate the entirety of this action through his motion for reconsideration. It is axiomatic that reconsideration is an extraordinary remedy that does not offer an unsuccessful party an opportunity to reassert the same arguments that he already asserted in any previous summary judgment briefing. *See, e.g.*, *Clear Sky Car Wash, LLC v. City of Chesapeake, Va.*, 2013 WL 1560358, at *4 (E.D. Va. Apr. 12, 2013) (Rule 60); *see also Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (Rule 59). Yet Plaintiff's motion does just that. Much of his motion is not only a retread of his prior summary judgment and motion to compel briefing, which this Court already considered and rejected, but it also does not present the exceptional circumstances that Plaintiff must show for reconsideration. This Court should thus deny Plaintiff's motion at the threshold.

Even if this Court elected to entertain the merits of Plaintiff's motion, the result would be no different. First, Plaintiff claims that this Court ignored a material dispute of fact, but his supposed disputed fact is the reasonableness and adequacy of Defendant's search for responsive records—a legal question that the parties fully briefed and that this Court appropriately resolved at summary judgment. Second, although Plaintiff claims that Defendant's briefing "mislead[] the Court into granting summary judgment for the Defendant," Mot. at 21, the crux of this position is that Defendant should not have relied on *Plaintiff's own words*, something that—in any event—was immaterial to this Court's ruling. Finally, Plaintiff criticizes the Court's order

2

for supposedly "f[a]lling victim to Defendant's deception," Mot. at 28, yet again resorting to *ipse dixit* allegations of bad faith without any kind of support.

In short, Plaintiff has identified no reason to overturn this Court's well-reasoned findings in its opinion granting summary judgment in Defendant's favor. This Court should therefore deny Plaintiff's motion for reconsideration.

## ARGUMENT

### I. PLAINTIFF DOES NOT MEET THE THRESHOLD FOR A MOTION FOR RECONSIDERATION.

In moving the Court for reconsideration of its summary judgment order, Plaintiff does not identify on what basis he seeks reconsideration. In fact, "[t]he Federal Rules of Civil Procedure do not provide a vehicle for a motion for reconsideration. Rather, they provide for a Rule 59(e) motion to alter or amend a judgment or a Rule 60(b) motion for relief from judgment." *United States v. Redd*, 2013 WL 12221346, at *1 (E.D. Va. June 20, 2013). Plaintiff does not identify what basis he proceeds under but because he is filing a motion for relief before a judgment has been entered in this action, *see* Fed. R. Civ. P. 58(c)(2), his motion for reconsideration as to that order may be more properly considered under Federal Rule of Civil Procedure 59(e). *See Mundo-Violante v. Kerry*, 2017 WL 766911, at *1 (W.D. Va. Feb. 27, 2017) ("When a post-judgment motion is filed within [twenty-eight] days of the entry of judgment and calls into question the correctness of that judgment it should be treated as a motion under Rule 59(e).") (citation omitted).

"Under both Rule 59(e) and 60(b), relief is extraordinary and is to be granted only upon the showing of exceptional circumstances." *Raja v. Indymac, FSB*, 2009 WL 8644031, at *1 (E.D. Va. Nov. 24, 2009) (citing *Campton v. Alton S.S. Co.*, 608 F.2d 96, 102 (4th Cir. 1979)).

3

"Rule 59(e) provides that a court may alter or amend the judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 407 (4th Cir. 2010); *see id.* at 411 ("A Rule 59(e) motion is discretionary."). No matter whether a litigant seeks reconsideration under Rule 59(e) or Rule 60(b), "[a] motion to reconsider cannot appropriately be granted where the moving party simply seeks to have the Court 'rethink what the Court ha[s] already thought through—rightly or wrongly.'" *United States v. Dickerson*, 971 F. Supp. 1023, 1024 (E.D. Va. 1997) (Cacheris, J.) (quoting *Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)); *see also Hanover Ins. Co. v. Corrpro Cos.*, 221 F.R.D. 458, 460 (E.D. Va. 2004) ("Rule 59(e) does not provide a party with a mechanism to just keep filing motions with new theories until it gets it right."); *CNF Constructors, Inc. v. Donohoe Const. Co.*, 57 F.3d 395, 401 (4th Cir. 1995) ("[W]here a motion is for reconsideration of legal issues already addressed in an earlier ruling, the motion 'is not authorized by Rule 60(b).'"); *Johnson v. Green Front Furniture Co, Inc.*, 60 F.3d 822 (4th Cir. 1995) ("Relief is not authorized under Rule 60(b) where the motion raises no new arguments, but merely requests the district court to 'change its mind.'" (quoting *United States v. Williams*, 674 F.2d 310, 312-13 (4th Cir. 1982)).

But that is exactly the upshot of Plaintiff's motion. Plaintiff's argument that there is a disputed fact regarding the CDC's search for responsive records and that this search was flawed is substantively no different from his summary judgment briefing on the adequacy of the CDC's search. *Compare* Mot. at 2-20 *with* ECF No. 23 at 9-16. Plaintiff's further assertion that his second administrative appeal was improperly described as an "expanded scope search," is a

4

rehash of the same argument he made at summary judgment. *Compare* Mot. at 21-25 *with* ECF No. 23 at 7-8, 26. And Plaintiff's additional assertions of "misstatements and fraudulent representations," Mot. at 27, regurgitate the same claims of fraud he made in his motion to compel and summary judgment briefing. *See* ECF No. 20; ECF No. 23 at 26-28. Thus, Plaintiff "seeks to have the Court rethink what the Court ha[s] already thought through," *Dickerson*, 971 F. Supp. at 1024 (internal quotations omitted), and, for this reason, this Court should deny Plaintiff's motion at the outset.[1] However, for the benefit of the Court, Defendant goes through Plaintiff's bases for reconsideration and addresses how none of them are availing.

**II.  PLAINTIFF'S ARGUMENTS DO NOT WARRANT RELIEF UNDER RULE 59(E).**

**A. The CDC's Search for Records Does Not Present a Disputed Issue of Material Fact or Any Basis for Reconsideration of the Court's Summary Judgment Decision.**

Plaintiff's first ground for reconsideration is that the "Court's order ignored [a] disputed material issue" in that "the search performed by the CDC for responsive records was flawed and therefore summary judgment for the Defendant was not appropriate." Mot. at 2-3. Plaintiff does not identify how this comes within the scope of Rule 59(e), and he does not identify an intervening change in the law or new evidence. But interpreting *pro se* Plaintiff's arguments liberally, his argument is effectively that the summary judgment order suffers from a clear error of law or manifest injustice. Plaintiff neither meets this standard nor is there any disputed material issue of fact warranting reconsideration.

---

[1] At the end of Plaintiff's critique of the Court's order, he offers to the Court that he "is willing to forego for the moment appealing this case and the summary judgment decision if this Court, in turn, will reconsider its order and amend it to require the Defendant to perform a new and proper search for responsive records in accordance with Plaintiff's original FOIA request." Mot. at 28. Plaintiff's bizarre offer (at best) or threat (at worst) to the Court should be ignored.

"[M]ere disagreement does not support a Rule 59(e) motion," specifically as to a claim of clear error or manifest injustice. *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993). To the contrary, "the standard for this provision is high." *Thao v. Nationwide Affinity Ins. Co. of Am.*, 2018 WL 4005779, at *1 (D.S.C. Aug. 22, 2018). "To establish manifest injustice, [a movant] must show . . . that it stands to suffer injury that is 'direct, obvious, and observable,' rather than mere potential prejudice." *Hartford Cas. Ins. Co. v. Farley Assocs., Inc.*, 2014 WL 4219953, at *5 (D.S.C. Aug. 25, 2014) (citations omitted). Examples of an error that reflect a "direct, obvious, and observable" injury include a court's acceptance of "a defendant's guilty plea that is involuntary or that is based on a plea agreement that the prosecution rescinds." *Perry v. Correct Care Sols., LLC*, 2017 WL 11519170, at *1 (E.D. Va. June 28, 2017) (quotation omitted). As the Fourth Circuit has noted: "[a] prior decision does not qualify for th[e] third exception by being just maybe or probably wrong; it must strike us as wrong with the force of a five-week-old, unrefrigerated dead fish. It must be dead wrong." *U.S. Tobacco Coop. Inc. v. Big S. Wholesale of Virginia, LLC*, 899 F.3d 236, 258 (4th Cir. 2018) (quoting *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009)). Plaintiff's disagreement with the Court's decision does not qualify under this standard.

Moreover, there is no error. Plaintiff does not identify a factual dispute, but a legal dispute that the Court appropriately resolved at summary judgment: namely, the reasonableness of the search. *See* Mot. at 8 ("[T]he Court ignored the presence of a genuine dispute between the parties as to a material fact, specifically, the adequacy and reasonableness of the Defendant's searches."). It is well-settled that the adequacy of a search in a FOIA case is a *legal issue* even if it turns on underlying facts. *See Weisberg v. U.S. Dep't of Just.*, 745 F.2d 1476, 1485 (D.C. Cir.

6

1984) ("The adequacy of the search, in turn, is judged by a standard of reasonableness and depends, not surprisingly, upon the facts of each case."); *Scott v. Internal Revenue Serv.*, 2021 WL 256418, at *19 (S.D. Fla. Jan. 26, 2021) ("The Court therefore concludes, *as a matter of law*, that the IRS conducted a reasonable search.") (emphasis added). Indeed, Plaintiff identifies no dispute about the actual facts—*i.e.*, whether the search was done, how it was done, or what the search disclosed. It may be Plaintiff's subjective belief that any search was not sufficient and that the Court should have "order[ed] the Defendant to perform an appropriate search using proper terms suggested by the Plaintiff." Mot. at 9. Yet, as a legal matter, "a FOIA petitioner cannot dictate the search terms for his or her FOIA request." *Bigwood v. United States Dep't of Def.*, 132 F.Supp.3d 124, 140 (D.D.C. 2015). Plaintiff's so-called "compromise," Mot. at 9, which represents his desired list of the search terms that he would have liked the CDC to run, does not present a basis for reconsideration.

Plaintiff's claim of a disputed material fact also appears to be based on a fundamental misunderstanding that the case could "proceed to trial." Mot. at 28. However, "FOIA does not provide . . . for a jury trial." *Azzawi v. Dep't of the Army*, 2016 WL 258463, at *2 (E.D. Cal. Jan. 21, 2016); *see also Harrison v. Fed. Bureau of Prisons*, 681 F.Supp.2d 76, 80 (D.D.C.2010) ("Summary judgment is the procedural vehicle by which FOIA cases typically are resolved."). Thus, any issue regarding the reasonableness and adequacy of the searches that the CDC run were appropriately resolved by the Court at summary judgment, and Plaintiff is not entitled to relief under Rule 59(e) on this basis.[2]

---

[2] In discussing his purely imagined trial, Plaintiff offers that he would "present expert witnesses" and notes an individual—who Plaintiff does not name or obtain a declaration from—who he claims could testify that "different search terms" could have been run "to maximize the number

**B. Any Reference To an Expanded Scope Search Was Based on Plaintiff's Own Words and Was Not Determinative to the Court's Summary Judgment Order.**

Plaintiff's next identified error is that the "Court's Order, rel[ies] heavily on the phrase 'expanded scope search' to indicate that the Plaintiff in his second administrative appeal to the CDC expanded the scope of his original FOIA request," a claim which Plaintiff claims "is patently false." Mot. at 21. Plaintiff's arguments, read liberally again, suggest that he asserts a clear error and some sort of fraud. *See* Mot. at 23 ("The Defendant's use of this expression in a manner conveyed to the Court is erroneous and an intentional and contemptuous misstatement intended solely to mislead the Court into granting summary judgment in the Defendant's favor."). For the same reason previously noted, there is no clear error under Rule 59(e).

There is no fraud either. In the context of a Rule 59(e) motion, courts have recognized a "fraud on the court doctrine," but that it "is confined to the 'most egregious cases, such as bribery of a judge or juror, or improper influence exerted on the court by an attorney, in which the integrity of the court and its ability to function impartially is directly impinged.'" *Jafari v. Old Dominion Transit Mgmt. Co.*, 2015 WL 13039548, at *3 (E.D. Va. Oct. 20, 2015) (quoting *Great Coastal Express, Inc. v. Int'l Bhd. of Teamsters*, 675 F.2d 1349, 1356 (4th Cir. 1982)). Plaintiff's motion does not meet this standard.

Plaintiff's gripe is that Defendant used Plaintiff's own words to argue that Plaintiff subsequently expanded the scope of his search. But there is nothing "untrue," Mot. at 23, about

---

of responsive records." Mot. at 28. But an agency is not obligated under FOIA to "knock down every search design advanced by every requester," and it can limit search terms. *DiBacco v. U.S. Army*, 795 F.3d 178, 191 (D.C. Cir. 2015). In addition, Plaintiff's unsourced statement from an unnamed "distinguished university professor" who Plaintiff "will not . . . identify," Mot. at 28, is ironic given that the crux of Plaintiff's arguments is that Defendant has surreptitiously kept information from him.

8

the fact that Plaintiff's second administrative appeal discussed an "expanded scope search"—a statement that appears from the very face of his second administrative appeal as Plaintiff himself notes. *See* Mot. at 22; *see also* ECF No. 17-14. Plaintiff's real issue may instead be Defendant's *argument* that this phrase "expanded scope of search" meant that Plaintiff sought a broader set of records in his administrative appeal, but that is a perfectly reasonable argument given the actual words in that administrative appeal coupled with Plaintiff's own prior request and correspondence. *See* ECF No. 25 at 4-5 (noting that the CDC first followed Plaintiff's stated words in searching for records related to an editorial identified on the face of his FOIA request).

Further, there is no error because Plaintiff briefed this very issue at summary judgment, and this Court still entered summary judgment for Defendant.[3] And Plaintiff ignores that Defendant's own summary judgment briefing noted that any dispute over whether or not Plaintiff expanded his FOIA request on appeal was ultimately "immaterial because the CDC subsequently ran his requested expanded scope search." ECF No. 25 at 5.

### C. Plaintiff's Other Claims of "Fraud" Remain Unsupported.

Lastly, Plaintiff reflexively argues that there has been other alleged fraud by Defendant that which warrants reconsideration. *See, e.g.*, Mot. at 27 (asserting that there is "[r]ecord evidence of the Defendant's false statements, repeated over and over" without pointing to any such record evidence"). Plaintiff's belabored claims of fraud—without any accompanying

---

[3] To this end, any discussion of this point appears to have been immaterial to the Court's decision. While Plaintiff claims the Court "rel[ied] heavily on the phrase 'expanded scope search,'" Mot. at 21, the Court's decision only references this phrase *once* and in passing. *See* ECF No. 27 at 1-2 ("Plaintiff filed an administrative appeal . . . subsequently expanding the scope of materials that Plaintiff originally requested."). Nothing in the Court's opinion actually relies on this point in granting Defendant's motion for summary judgment.

9

evidence—have been repeated *ad nauseam* by him in this FOIA litigation. *See, e.g.*, ECF Nos. 20, 23, 25. And they have been rejected by the Court in every instance. *See, e.g.*, ECF Nos. 26, 27. Thus, Plaintiff's claims of fraud do not come within Rule 59(e).

Even if the Court were to assess them, the claims of fraud made in Plaintiff's motion are, yet again, completely unsupported and unrealistic. Plaintiff claims "that the CDC searches were insufficient and purposefully crafted to impede disclosure of embarrassing records," simply because the CDC chose to take his initial request and correspondence at face value and first searched for records related to the subject matter of the editorial that Plaintiff sought. Mot. at 4. But Plaintiff shows no evidence of any intent by the CDC to purposely craft searches to impede the disclosure of documents. Moreover, his premise is particularly unbelievable considering that the CDC *voluntarily* ran a second search of documents that led to a second production of documents of Plaintiff after the CDC, in Plaintiff's view, crafted searches to impede the disclosure of documents in a prior search and production. *See* ECF No. 17 at 8-10. Simply to state the proposition is to demonstrate its absurdity.

Plaintiff separately claims that "Defendant's search affidavit and memorandum of law in support of Defendant's motion for summary judgment contain factual and material differences that contradict each other and the official record." Mot. at 10. But not once does Plaintiff explain the putative contradiction between Defendant's summary judgment brief and the declaration appended to it. Instead, it seems that Plaintiff takes issue with the fact that Defendant's declaration noted that, when Plaintiff first filed his FOIA request, he did not mention that his initial PAL request form included an attachment, which in turn led the CDC to "ask[] Plaintiff to specify and clarify the records that he was requesting in its correspondence to

10

him on November 10, 2020." ECF No. 17-1 at 5; *see also* Mot at 13-14.  But that is not a contradiction; it is a minor detail regarding the processing of Plaintiff's original FOIA request at the outset, which Plaintiff does not claim is false.  Thus, Plaintiff's entire claim of a contradiction is based on a minor processing detail that he did not like and that is ultimately irrelevant given that the CDC subsequently ran two searches and made two productions.

Finally, Plaintiff asserts that "the Court fell victim to the Defendant's deception and adopted its false statements as justification for granting summary judgment" while also claiming that there is no "evidence whatsoever that the Court was disposed to view the facts in the light most favorable to the non-moving party, or to make every reasonable inference in the non-moving party's favor."  Mot. at 27.  The first claim, as with all of Plaintiff's other claims of fraud, is unsupported.  He points to no false statements, and there are no false statements embedded in the Court's order.  The second claim ignores the very text of the order.  That is, the Court explicitly noted that it—as it is required to do at summary judgment—was "viewing the facts in the light most favorable to the requester." ECF No. 27 at 2.  As with all his other arguments, Plaintiff's unsupported critique of the Court does not provide him with a basis for relief under 59(e).

## **CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that Plaintiff's motion for reconsideration be denied.

Dated: April 4, 2022                                        Respectfully submitted,

                                                            JESSICA D. ABER
                                                            UNITED STATES ATTORNEY

*By*: /s/
YURI S. FUCHS
Assistant United States Attorney
Office of the United States Attorney
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: (703) 299-3872
Fax: (703) 299-3983
Email: yuri.fuchs@usdoj.gov
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I do hereby certify that on this 4th day of April, 2022, I have electronically filed the foregoing using the CM/ECF system, which in turn sent notice to all counsel of record who are registered with that system.

                                                          /s/
                                        Yuri S. Fuchs
                                        Assistant U.S. Attorney
                                        U.S. Attorney's Office
                                        2100 Jamieson Avenue
                                        Alexandria, VA 22314
                                        Tel: (703) 299-3872
                                        Fax: (703) 299-3983
                                        Email: yuri.fuchs@usdoj.gov
                                        *Counsel for Defendant*